IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN NANNI,  )
an individual,  )
  )
    Plaintiff,  )  Case No:
  )
v.  )
  )
ADAMS FOUR ASSOCIATES, L.P.,  )
a Delaware Limited Liability Partnership,  )
  )
    Defendant.  )
_____/

## COMPLAINT

Plaintiff, JOHN NANNI, an individual, by and through his undersigned counsel, hereby files this Complaint and sues ADAMS FOUR ASSOCIATES, L.P., a Delaware Limited Liability Partnership, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, JOHN NANNI, (hereinafter referred to as "Plaintiff" or "MR. NANNI") is a resident of the State of Delaware.

4. MR. NANNI is a qualified individual with a disability under the ADA. MR. NANNI suffers from Post-Polio Syndrome. MR. NANNI can only walk a very limited distance each day, and is otherwise confined to a wheelchair.

1

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. The Defendant, ADAMS FOUR ASSOCIATES, L.P., (hereinafter referred to as "DEFENDANT") is a Delaware Limited Liability Partnership registered to do business in Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: Adams Four Shopping Center, generally located at 800 W. 4th Street, Wilmington, DE 19801 ("the Property").  The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9. The Property, a shopping plaza, is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. NANNI has visited the Property several times during the past year, he last visited the Property in early January 2022, he regularly travels to the area where the Property is situated and plans to return to the Property in the near future.

11. During his visits, MR. NANNI experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12. MR. NANNI intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992. These barriers to access include, but are not limited to the following items which plaintiff personally observed and/or encountered at the Property:

    A. Plaintiff personally encountered inaccessible parking due to lack of signage and faded markings. Specifically, two (2) of the three (3) parking spaces designated for disabled use in front of Rite-Aid Pharmacy are missing signage. Additionally, several of the other disabled use parking spaces throughout the Property near Rent-A-Center and Great Value Markets have extremely faded paint markings which are confusing as to whether they are intended as disabled use spaces. These conditions made it difficult for Plaintiff to identify the designated disabled parking areas throughout the Property.

    B. Plaintiff personally encountered inaccessible parking throughout the Property due to slopes in excess of 1:48 within the spaces and/or their access aisles. This condition made it more difficult for Plaintiff to transfer into and out of his vehicle safely.

    C. Plaintiff personally encountered inaccessible routes throughout the Property between the disabled use parking spaces and the tenant entrances due to sidewalks with excessive long and cross-slopes and a lack of handrails where the slope exceeds 5%. This forced Plaintiff to utilize extra caution maneuvering along the sidewalks to the tenant

    entrances and increased his risk of a fall.

  D. Plaintiff personally encountered an inaccessible entrance to Great Value Markets due to shopping cart barricades surrounding the store entrance doors which have the effect of preventing entry by persons in a wheelchair, including Plaintiff. The barricades have openings wide enough for a person to walk through but not wide enough to accommodate a wheelchair (or shopping cart). Furthermore, the passthrough gate has been padlocked during each of his visits and Plaintiff could not gain access to the store. Importantly, there is no way to make a request that the padlocked gate be opened to allow him to access the premises. This created serious inconvenience and embarrassment each time Plaintiff attempted to enter the store and completely prevented his access due to his disability.

  E. Plaintiff personally encountered inaccessible curb ramps throughout the Property due to excessive running slopes over 1:12, steep side flare slopes in excess of 1:10 and pavement in disrepair. Additionally, the curb ramp near America's Best Wings is obstructed by the parking bumper. These issues forced Plaintiff to utilize extra caution maneuvering over the ramps and increased his risk of a fall.

14. To date, the architectural barriers and other violations of the ADA which are readily achievable to remove still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied. However, but for the above-described barriers to access, Plaintiff would visit the Property more often.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated: January 26, 2022

                        Respectfully Submitted,

By: */s/ David T. Crumplar*
David T. Crumplar (#5876)
Jacobs & Crumplar, P.A.
*Of Counsel*
750 Shipyard Drive
Suite 200
Wilmington, DE 19801
Tel.: (302) 656-5445
Fax: (302) 656-5875
E-Mail:  davy@jcdelaw.com

-and-

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976